Nina PITTOCK, Plaintiff,

**Lisa Pittock and Ronald Pittock,**
Plaintiffs–Appellants,

v.

**OTIS ELEVATOR COMPANY; Bob Stupak; Las Vegans Vegas World Corporation,** Defendants–Appellees.

Nos. 92–3786, 92–3787.

United States Court of Appeals,
Sixth Circuit.

June 21, 1993.

Decided Nov. 1, 1993.

Michael V. Kelley, Samuel G. Casolari, Jr., John A. Sivinski (argued and briefed), Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for plaintiffs-appellants.

Cynthia C. Schafer (argued), Kris H. Treu (briefed), Arter & Hadden, Cleveland, OH, for Otis Elevator Co.

Laurie F. Starr (argued and briefed), Gaines & Stern, Cleveland, OH, for defendants-appellees.

Before MARTIN, SILER, and BATCHELDER, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.

This case involves a personal injury claim against a hotel operator and a company

maintaining its elevators. The district court dismissed the action after finding that it could not transfer the case to another court under 28 U.S.C. § 1404. We affirm the dismissal.

Ronald and Lisa Pittock, Ohio residents, were in Las Vegas, Nevada when they were injured. An elevator in which the Pittocks were riding at the Vegas World Hotel and Casino fell several floors, and the Pittocks were hurt. At the time of the accident, the hotel was owned and operated by Vegas World Corporation, and the elevator was maintained by the Otis Elevator Company. Neither Otis nor Vegas World is incorporated in Ohio.

On December 16, 1991, the Pittocks filed a diversity action against Vegas World and Otis, asserting that their injuries resulted from the defendants' negligence. On February 10, 1992, Otis moved to dismiss the claim for lack of personal jurisdiction. On March 6, the Pittocks filed a motion to transfer the case to Nevada pursuant to 28 U.S.C. § 1404(a). Vegas World subsequently filed a motion to dismiss for lack of personal jurisdiction and improper venue. At a status conference on March 18, the district court notified the Pittocks that a transfer under 28 U.S.C. § 1404(a) was not appropriate because the district court lacked personal jurisdiction over the defendants and suggested that the Pittocks amend their motion. When the Pittocks failed to file an amendment within twenty days of the status conference, even after an oral reminder from the court, the district court dismissed the action without prejudice on April 7. The following day, the Pittocks moved to vacate the dismissal pursuant to Fed.R.Civ.P. 60(b) and to transfer the case to Nevada pursuant to 28 U.S.C. § 1406(a). Alternatively, the Pittocks moved for leave to amend the complaint. On May 7, before the district court ruled on the Rule 60(b) motion to vacate, the Pittocks filed notice of appeal of the dismissal. On June 30, the district court denied the Pittocks' motion to vacate. On July 28, the Pittocks appealed the orders of April 7 and June 30.

The Pittocks contend that the district court should have provided them with additional time to amend the complaint or their initial motion to request a transfer of venue. They maintain that the district court did not announce any deadline for filing any changes before the case would be dismissed. Moreover, they contend that twenty days is an unreasonably short length of time in which to expect the Pittocks to file an amended motion or complaint when no specific deadline was imposed by the district court. The Pittocks attribute their tardiness in responding to the district court's suggestion to excusable neglect. The Pittocks argue that the orders of April 7 and June 30 should be reversed based on Fed.R.Civ.P. 60(b)(1), which provides for relief from a judgment or an order in cases of excusable neglect.

■ This case is unusual because we are faced with overlapping appeals pertaining to a dismissal order and an order denying a Rule 60(b) motion to vacate dismissal. The appeal from the dismissal was filed before the district court ruled on the Rule 60(b) motion. We review only the first order because the district court did not have jurisdiction to rule on the Rule 60(b) motion after the Pittocks filed a notice of appeal concerning the dismissal order. As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter. *Lewis v. Alexander,* 987 F.2d 392, 394 (6th Cir. 1993). There are some exceptions to this rule. *See id.* (indicating that the the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order). This case does not involve one of the exceptions. Therefore, we address only the appeal from the original order of dismissal.

■ The district court properly dismissed this case for lack of personal jurisdiction. To determine whether it has personal jurisdiction in a diversity case, the district court applies the law of the state in which it sits. *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir. 1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). In Ohio, personal jurisdiction may be established by minimum contacts with the state as described in Ohio Rev.Code § 2307.382, the state's long-

arm statute. That statute provides, in relevant part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business ... in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state ...

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons ...

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state ...

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state....

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev.Code § 2307.382.

■ The Pittocks have put forward no evidence of minimum contacts with Ohio as enumerated in the long-arm statute. The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212, 1214 (6th Cir.1989). The Pittocks have failed to allege that their claim arose from either defendant's role in any business, contract, or tortious injury with some connection to Ohio. It is clear that both the injuries and the alleged negligence occurred in Nevada. Therefore, the Pittocks have not established that the district court in Ohio has personal jurisdiction based on activities that Otis and Vegas World undertook in Ohio.

■ According to the Pittocks, Ohio's long-arm statute is not applicable to Otis because Otis consented to personal jurisdiction by designating an agent to accept service of process in Ohio. The statute addressing the role of such an agent is Ohio Revised Code § 1703.041, which provides in pertinent part that:

(A) Every foreign corporation for profit that is licensed to transact business in this state ... shall have and maintain an agent, sometimes referred to as the 'designated agent,' upon whom process against such corporation may be served within this state.

. . . .

(H) Process may be served upon a foreign corporation by delivering a copy of it to its designated agent, if a natural person, or by delivering a copy of it at the address of its agent in this state, as such address appears upon the record in the office of the secretary of state.

. . . .

(I) This section does not limit or affect the right to serve process upon a foreign corporation in any other manner permitted by law.

The Pittocks rely on dicta from *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 892–93, 108 S.Ct. 2218, 2221–22, 100 L.Ed.2d 896 (1988), for the proposition that "[t]he designation of an agent subjects the foreign corporation to the general jurisdiction of the Ohio courts in matters to which Ohio's tenuous relation would not otherwise extend." However, the Supreme Court, in the same paragraph, limits jurisdiction because "[r]equiring a foreign corporation ... to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant bur-

den" on interstate commerce. *Bendix Autolite Corp.*, 486 U.S. at 893, 108 S.Ct. at 2221–22. As we read *Bendix,* a case from our Circuit, the Supreme Court was saying that the mere designation of an agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction.

In addition, the Ohio Supreme Court has already rejected the proposition that service of process may be equated with personal jurisdiction. *See Wainscott v. St. Louis–San Francisco Railway Co.*, 47 Ohio St.2d 133, 351 N.E.2d 466 (1976) (providing that proper service of process does not eliminate the requirement that minimum contacts exist to permit Ohio courts to acquire personal jurisdiction). Consequently, the Pittocks cannot assert personal jurisdiction over Otis based on consent. The district court properly determined that Ohio did not have personal jurisdiction over either Otis or Vegas World concerning this accident in Nevada.

 In the order dated April 7, the district court also denied the Pittocks' motion to transfer the case to another jurisdiction. The district court's authority to transfer venue is based on two statutes, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants. *Martin v. Stokes,* 623 F.2d 469, 474 (6th Cir.1980). Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum. Specifically, section 1406(a) provides that a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Unlike section 1404(a), however, section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (utilizing section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum).

In the present case, the district court denied the Pittocks' motion to transfer because the transfer was requested under section 1404(a), and the district court did not have personal jurisdiction. Based on the personal-jurisdiction requirement in section 1404(a), this decision was proper. As of the date of the status conference, the district court had before it a motion to dismiss which it could have granted, and a motion to transfer, which it was not permitted to grant because of lack of personal jurisdiction. It chose to hold the motion to dismiss in abeyance to give the Pittocks an opportunity to amend their motion to transfer. The district court twice suggested that the plaintiffs file a proper motion under section 1406(a) after filing an improper one under section 1404(a). Only after the Pittocks made no filings within twenty days did the district court dismiss the complaint for lack of personal jurisdiction.

Justice does not require that the Pittocks be permitted to amend their motion or complaint. The Pittocks have not submitted any affidavits that purport to show that they would be prejudiced by a failure to transfer. There is no evidence that this action is barred by the running of the applicable statute of limitations in Nevada.

For these reasons, we affirm the district court's order dismissing the action without prejudice.