23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark E. GILBERT, Plaintiff-Appellee, (Case No. 91-2258),
v.
Robert METZLER; Marilyn Metzler; Defendants-Appellants,
Predator Marine Corporation; Performance Offshore Marine
Corporation, Defendants.
Mark E. GILBERT, Plaintiff-Appellee, (Case No. 93-1797),
v.
Robert METZLER, Defendant-Appellant,
Marilyn METZLER; Predator Marine Corporation; Performance
Offshore Marine Corporation, Defendants.
 Nos. 91-2258, 93-1797.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1994.
 
 Before: MARTIN, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert and Marilyn Metzler appeal from a jury verdict in favor of the plaintiff and from the district court's subsequent order denying their motion for relief from judgment. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Mark Gilbert sued the Metzlers and two corporations owned by the Metzlers. Gilbert's claims were grounded in diversity jurisdiction and alleged that the Metzlers breached a contract with him to build a sport boat, committed fraud in their dealings with him, converted certain of his property to their own use, and violated the Michigan Uniform Securities Act. Through counsel, the Metzlers responded to Gilbert's allegations and filed a counter complaint, alleging that Gilbert had breached a contract with them and had violated various fiduciary duties that he owed to their corporations.
 
 
 3
 The case subsequently proceeded to trial. At the close of the evidence, the district court granted Gilbert's motion for a directed verdict on the Metzlers' counter complaint. The remaining claims were submitted to the jury, which found in favor of Gilbert. The jury awarded Gilbert possession of all boat molds of the Metzlers' corporations, full possession of the partially completed boat that the Metzlers were to have built for him, $44,614.26 against the defendant corporations, and $294,412.76 against all defendants.
 
 
 4
 Still proceeding through counsel, the Metzlers filed a motion for new trial pursuant to Fed.R.Civ.P. 59, which the district court subsequently denied. Now proceeding pro se, the Metzlers have filed a timely appeal from this order. (Case No. 91-2258).
 
 
 5
 While the first appeal was pending before this court, the Metzlers filed a pro se motion for relief from judgment, claiming that new evidence had come to light supporting their claims. The district court subsequently determined that the evidence was not new and denied the motion. The Metzlers have filed a timely appeal from this order. (Case No. 93-1797). In this second appeal, the Metzlers request permission to proceed in forma pauperis. We note that the Metzlers are already proceeding in forma pauperis in the initial appeal.
 
 
 6
 Upon review, we conclude that the plaintiff's counsel properly cross-examined Robert Metzler concerning his state tax fraud investigation, because Metzler opened the door on this issue on direct examination. See generally United States v. Cox, 957 F.2d 264, 267 (6th Cir.1992) (per curiam); United States v. Benton, 852 F.2d 1456, 1469 (6th Cir.), cert. denied, 488 U.S. 993 (1988).
 
 
 7
 We also conclude that the district court properly granted a directed verdict on the Metzlers' counter-claims, because, after reviewing all the evidence in the light most favorable to the non-moving party, all reasonable persons would agree that there has been an essential failure of proof. J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1483 n. 8 (6th Cir.1991).
 
 
 8
 The district court did not abuse its discretion in denying the Metzlers' motion for new trial. The jury's verdict was not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable. See Woodbridge v. Dahlberg, 954 F.2d 1231, 1234 (6th Cir.1992).
 
 
 9
 The district court was without jurisdiction, however, to consider the Metzlers' motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b), because the motion was filed while the case was already pending before this court. See Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir.1993). Therefore, we will not consider any issues raised concerning the denial of that motion. Id.
 
 
 10
 Lastly, the Metzlers' argument that the jury's verdict on Gilbert's claim under the Michigan Uniform Securities Act is against the weight of the evidence is not properly before the court. The Metzlers did not raise this argument in their Rule 59 motion for a new trial and, therefore, they have waived consideration of the issue. Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986).
 
 
 11
 Accordingly, we grant the Metzlers' request to proceed in forma pauperis and affirm the district court's underlying judgment. Rule 9(b)(3), Rules of the Sixth Circuit.