25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Levert K. GRIFFIN, Petitioner-Appellant,
v.
Arthur TATE, Warden, Respondent-Appellee.
 No. 93-4254.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order denying a motion for post-judgment relief in an underlying habeas corpus action filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Ohio inmate Levert Griffin filed a federal habeas corpus action in which he challenged the constitutionality of a 1986 state court conviction for grand theft. The district court dismissed this petition and Griffin filed a notice of appeal on April 9, 1993. A panel of this court later affirmed the dismissal. Griffin v. Tate, No. 93-3411 (6th Cir. Jan. 25, 1994) (unpublished).
 
 
 3
 Griffin filed a motion for a kind of post-judgment relief in the case on October 27, 1993, during the pendency of the appeal in Case No. 93-3411. While the latter appeal was still pending, the district court denied the motion and this appeal followed. Griffin has briefed the issues and is proceeding without benefit of counsel; the Ohio Attorney General's office has indicated they will not be filing a brief.
 
 
 4
 Griffin's cryptic motion for relief, styled "Motion for Court Order" and "First Amended Complaint," is apparently a copy of an agreement Griffin filed with the Akron Bar Association. The substance of the agreement appears to be an offer to compromise a claim between Griffin and the named parties. This was undeniably filed during the pendency of the direct appeal of the underlying action and has little or nothing to do with the habeas corpus petition.
 
 
 5
 Generally, a notice of appeal divests the district court of jurisdiction over the subject matter of the appeal and it may not thereafter alter or enlarge the scope of its judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588-89 (6th Cir.1987). Indeed, this court has expressly held that a district court lacks jurisdiction to rule on a Rule 60(b) motion during the pendency of an appeal from the underlying judgment. See Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir.1993); Lewis v. Alexander, 987 F.2d 392, 394-95 (6th Cir.1993). Although the district court retains jurisdiction to act in aid of the appeal, see, e.g., see Hogg v. United States, 411 F.2d 578, 580 (6th Cir.1969), and under other limited circumstances, see Pittock, 8 F.3d at 327, Griffin's motion does not fall within any of these exceptions. Therefore, the April 9, 1993, filing of the notice of appeal effectively deprived the district court of jurisdiction to consider Griffin's motion regardless of the interpretation given to the request for relief. The appeal lacks merit.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.