Sharon **CHILDRESS**, Plaintiff,

v.

David **WILLIAMS**, Defendant.

No. 97–CV–72335–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 27, 1999.

Antoinette R. Raheem, Detroit, MI, Rachel K. Eickemeyer, West Broomfield, MI, for Plaintiff.

Frederick L. Schmoll, III, Flint, MI, Marcia L. Howe, Farmington Hills, MI, Karen L. Folks, Flint, MI, Patrick L. Rose, Lansing, MI, for Defendant.

## ORDER DENYING DEFENDANT WILLIAMS'S MOTION FOR RELIEF FROM JUDGMENT

DUGGAN, District Judge.

Plaintiff brought this action against defendant pursuant to 42 U.S.C. § 1983, seeking damages for violation of her federal constitutional rights. On December 17, 1998, a jury returned a verdict in favor of plaintiff and against defendant Officer David Williams and awarded her $1 million in compensatory damages and $500,000.00 in punitive damages. The Judgment on this verdict was issued on December 18, 1998.

On December 29, 1998, defendant Williams filed a "Renewed Motion for Judgment as a Matter of Law." On January 15, 1999, this Court issued an Order denying defendant Williams's renewed motion for judgment as a matter of law. This Order was entered on the Court's docket on January 19, 1999. Defendant filed an appeal of this Order on February 11, 1999.

Presently before the Court is defendant's motion for relief from judgment, pursuant to Rule 60(b), which was filed on April 5, 1999.

■ Because defendant has filed an appeal of the judgment against him with the Sixth Circuit, this Court is limited in its ability to "decide" his motion for relief from judgment. Without a remand from the Sixth Circuit, this Court cannot grant the motion.

■ In *Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir.1993), the Sixth Circuit determined that the district court did not retain jurisdiction to rule on a motion for relief from judgment brought pursuant to Rule 60(b), if the notice of appeal was filed before the court decided the motion. *See also Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984). "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock*, 8 F.3d at 327. However, the court also noted that there are exceptions to the general rule because "the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Id.* None of the aforementioned exceptions apply to the instant motion.

■ Defendant cites *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976), for the proposition that the "proper procedure for a 60(b) motion after an appeal has been filed is to present the 60(b) motion to the trial court." (Def.'s Mot. for Relief from J. at 1). Although the case cited by defendant allows this Court to consider a motion for relief from judgment while an appeal is pending, so that it can advise the appellate court whether or not it is disposed to grant the motion, such case does not *require* this Court to do so. *LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir.1999) (emphasis added).[1]

> "If the district judge is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court."

*First Nat'l Bank*, 535 F.2d at 346 (footnote omitted). Instead, the district court may allow the appeal to "take its course." *LSJ Investment Co., Inc.*, 167 F.3d at 324.

■ Based on a review of defendant's motion, this Court is not "disposed" to grant the motion for the following reasons:

---

1. Absent a remand by the appellate court, this Court is without jurisdiction and may not rule upon a motion for relief from judgment after the notice of appeal has been filed. *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 n. 10 (6th Cir.1982).

(1) Although defendant's motion asserts that it is being brought pursuant to Fed. R.Civ.P. 60(b), such motion does not indicate which subsection of Rule 60(b) defendant is relying on.[2] If defendant is relying on subsection (1), defendant has not set forth any arguments that would lead this Court to believe that there was any "mistake, inadvertence, surprise, or excusable neglect" as the rule intends those words to mean.

If defendant is relying on subsection (2), defendant has presented no arguments to persuade this Court that there exists some "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." [3]

■ The only other basis upon which defendant could be seeking relief under Rule 60(b) is subsection (6) which states, "any other reason justifying relief from the operation of the judgment." However, a motion for relief from judgment brought pursuant to Rule 60(b)(6), "must be brought within the time allowed for appeal if legal error is claimed as justification for granting the Rule 60(b) motion." *Steinhoff v. Harris*, 698 F.2d 270, 276 (6th Cir.1983) (citations omitted).

■ The Order denying defendant's post-trial motion was issued on January 15, 1999, and entered on the Court docket on January 19, 1999. Defendant's Rule 60(b) motion was not filed until April 5, 1999, far in excess of the thirty days permitted for an appeal.[4]

All of the grounds for relief set forth in defendant's motion are grounds that could have, and should have, been brought in a timely motion for new trial or in defendant's "Renewed Motion for Judgment as a Matter of Law," or are issues that were, in fact, asserted by defendant as a basis for relief in defendant's "Renewed Motion for Judgment as a Matter of Law," and were ruled upon by this Court in its Order of January 15, 1999, denying defendant's renewed motion for judgment as a matter of law.

For the reasons set forth above, this Court does not believe it has jurisdiction to consider defendant's motion to the extent that defendant is asserting, as a basis for relief, grounds that he is precluding from raising because he did not file the motion in a timely manner as set forth above. To the extent that this Court has jurisdiction to "consider" the motion, this Court is not "disposed to grant the motion." *First Nat'l Bank*, 535 F.2d at 346. Therefore,

**IT IS HEREBY ORDERED** that defendant Williams's motion for relief from Judgment is **DENIED**.

---

**2.** Presumably, defendant is not relying on subsections (3) or (4) because in setting forth Rule 60(b) in its brief, defendant omits any reference to those sections. (Def.'s Br. in Support of Mot. at 1).

**3.** Because this Court is concluding that it is not disposed to grant relief under Rule 60(b) and therefore does not believe a remand to this Court is warranted at this time, the Court is not making any definitive ruling with respect to any "newly discovered evidence." In the event defendant is not successful on appeal, and if defendant believes he has a legiti-

mate "newly discovered evidence" argument to present, this ruling will not preclude defendant from bringing a Rule 60(b) motion based on "newly discovered evidence" at that time.

**4.** The *Steinhoff* court also indicated that if the "mistake" upon which defendant is relying with respect to Rule 60(b)(1) is "legal error," (which this Court perceives defendant's motion as contending), such motion brought pursuant to Rule 60(b)(1) must be brought within the time for appeal. *Steinhoff*, 698 F.2d at 275.