**Larry T. BECKETT, Plaintiff–Appellant,**

v.

**DRUG ENFORCEMENT AGENCY; United States of America, Defendants–Appellees.**

No. 00–5571.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.*

*ORDER*

Larry T. Beckett, a pro se federal litigant, appeals a district court judgment denying his motion to amend judgment and correct mistake, filed pursuant to Fed. R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Becket filed an action against the Drug Enforcement Administration (DEA) claiming that a 1991 seizure and administrative forfeiture of his personal property was improper. On July 1, 1999, the district court granted summary judgment in favor of defendant. In that judgment, the district court declared most of the property at issue to be forfeited or otherwise beyond Beckett's reach and declined to award damages as requested. The district court's judgment was partially in favor of the United States in that it ordered the forfeiture of a 1990 Ford Ranger truck and $53,783 in United States currency and partially in favor of Beckett in that it ordered the return of his jewelry or payment of $7,952, which represented the appraised value. On September 15, 1999, Beckett filed a timely notice of appeal and this court affirmed the judgment

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

on appeal on September 25, 2000. *See Beckett v. Drug Enforcement Agency, et al.,* Case No. 99–6314, 2000 WL 1477239 (6th Cir. Sep. 25, 2000).

The United States paid Beckett $9,621.45, which represented the appraised value of his jewelry plus interest even though the district court's judgment did not order the payment of interest. Beckett was dissatisfied with this amount and filed a Rule 60(b) motion on February 18, 2000, in which he moved the district court to amend its judgment of July 1, 1999, and correct the alleged mistake in the amount of the compensation paid by the United States. The district court denied Beckett's Rule 60(b) motion because it lacked jurisdiction in the case while Beckett had a timely appeal pending from its earlier judgment. Beckett appeals.

The narrow focus of the appeal at bar is the propriety of the district court's judgment denying Beckett's Rule 60(b) motion. This court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. *See Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992) (per curiam); *McDowell v. Dynamics Corp.,* 931 F.2d 380, 383 (6th Cir.1991).

Upon review, we conclude that the district court properly denied Beckett's Rule 60(b) motion for lack of jurisdiction, because a timely appeal from the underlying judgment was still pending when the district court denied the motion. *See Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir.1993).

Accordingly, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.