**UNITED STATES of America, Plaintiff–Appellee,**

v.

**REAL PROPERTY LOCATED AT U.S. HIGHWAY SOUTH, MARYVILLE, TENNESSEE (Nos. 01–5478/01–5563); 3017 U.S. Highway South, Maryville, Tennessee (Nos. 01–5479/5564); 1703 East Broadway, Maryville, Tennessee (Nos. 01–5480/5566), Defendants,**

**David Tex HILL, Claimant–Appellant.**

Nos. 01–5478, 01–5563, 01–5479, 01–5564, 01–5480, 01–5566.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

**524**

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

### ORDER

These six consolidated appeals are taken from three judgments of civil forfeiture and three orders denying miscellaneous post-judgment motions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury found David Tex Hill guilty of several interrelated charges of money laundering, conspiring to conduct an illegal gambling business, and conducting an illegal gambling business. A panel of this court affirmed Hill's conviction and sentence on direct appeal. *United States v. Hill*, 167 F.3d 1055 (6th Cir.), *cert. denied*, 528 U.S. 872, 120 S.Ct. 175, 145 L.Ed.2d 148 (1999). The government had previously filed separate civil forfeiture complaints in rem pursuant to 18 U.S.C. § 1955(d) in 1994 against three tracts of real property in which Hill had an ownership interest. The government eventually moved for summary judgment in each action and the district court granted each of the three motions. Hill took an appeal from each of these judgments and they have been docketed in this court as Case Nos. 01–5478/5479/5480. Hill also filed post-judgment motions in each forfeiture action. The district court denied each of these post-judgment motions and Hill's appeals from these judgments have been docketed in this court as Case Nos. 01–5563/5564/5566. These six appeals have been consolidated for appellate review. The parties have briefed the issues; Hill is proceeding without benefit of counsel.

### Case Nos. 01–5478/5479/5480

These appeals are from the three separate orders granting the government's motions for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56(c). The moving party need not support its motion with affidavits or other similar materials "negating" the opponent's claim, but need show only that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, it is incumbent upon the nonmoving party to show by deposition, answers to interrogatories, or admissions on file specific facts revealing a genuine issue for trial. *Id.* at 324. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." *Id.* at 251–52. An examination of these records shows that the district court properly granted summary judgment in each case after the government met its burden of production and Hill failed to show that there was a genuine issue for trial in his responses.

In 1994, the government filed three separate verified civil forfeiture complaints in rem against three tracts of real estate located in and around Maryville, Tennessee, owned by David Tex Hill: the Town and Country Shopping Center and Play and Play Amusements; Cooper's Simple Simon Restaurant; and a warehouse located at 1903 East Broadway in Maryville. The complaints sought civil forfeiture on the authority of 18 U.S.C. § 1955(d).

The complaints set forth allegations that each of the above-named parcels of real property was used to facilitate illegal gambling operations with devices declared illegal by the State of Tennessee. The complaints and summary judgment motions contained detailed affidavits and excerpts of trial testimony to the effect that several law enforcement officers personally saw and seized prohibited devices from the three properties and, in the case of the Shopping Center and the Restaurant, actually gambled on the machines when conducting an undercover investigation. Hill did not respond to the initial complaints in a timely fashion as required by Rule 6(c), Supplemental Rules for Certain Admiralty and Maritime Claims (ten days after process, twenty days after complaint filed), he did not file an answer under Fed.R.Civ.P. 12, nor did he file formal responses to the government's motions for summary judgment. Instead, Hill moved to dismiss the actions on the theory that, as they had not been a part of his criminal trial process, the government was now prohibited from filing the civil complaints by the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The district court examined the foregoing and concluded that the government had satisfied its burden to show that there was probable cause to believe that the named properties had been used to carry on or to facilitate an illegal gambling business. The court rejected Hill's *Apprendi* defense, noting that Hill was attempting to "mix apples and oranges." The court also found that, in the absence of any other substantive answer or defense to the government's evidentiary material, the government had shown that the named properties were subject to civil forfeiture beyond a reasonable doubt. On appeal, Hill reasserts his *Apprendi* claim, he argues that proposed changes to the "money laundering" portions of the sentencing guidelines mandate a remand, and he wants this court to stay its hand pending an alleged upcoming decision by the Tennessee state courts that will de-criminalize gambling.

■ The judgments on appeal will be affirmed. Hill's *Apprendi* claim rests on his asserted belief that the present civil forfeitures are an extension of his criminal proceedings and penalties. The law is clear, however, that in rem civil forfeitures are neither punishment nor criminal proceedings. *See United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In the same vein, any proposed changes in the federal criminal sentencing guidelines can have absolutely no relevance to these civil actions as they simply were not dependent on Hill's underlying conviction. Finally, Hill's request for a delay so that the Tennessee state courts may de-criminalize the nature of his acts or gambling devices, a request that has no apparent basis in fact, was raised and rejected without prejudice by this court in Hill's direct appeal. *Hill,* 167 F.3d at 1063 n. 3.

### Case Nos. 01–5563/5564/5566

■ These three appeals are taken from orders denying Hill's post-judgment motions filed in each of the three civil forfeitures discussed above. In each one of the underlying civil forfeiture judgments, Hill filed a timely notice of appeal after having filed a motion for further relief more than ten days from the underlying judgment. Each of the motions was styled as one seeking leave to respond and answer out-of-time to the government's motion for summary judgment and/or for default judgment. Hill averred in each motion that he was the victim of ineffective assistance of counsel and that he had new evidence to bear on the forfeitures. The district court noted in each case that Hill's timely notices of appeal from the underlying judgments of forfeiture divested the district court of any jurisdiction to act on any motion that could not be construed as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. The court also observed that, as Hill's post-judgment motions had not been filed within ten days of the judgments, they could not be construed as Rule 59(e) motions and must be denied.

The district court's decisions are correct. A timely notice of appeal normally will divest the district court of jurisdiction. *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir.1993). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). However, a timely filed motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure tolls the running of time limitations for filing a notice of appeal until the district court rules or otherwise disposes of the motion. Fed. R.App. P. 4(a)(4); *Griggs,* 459 U.S. at 60–61; *Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 41 (6th Cir.1984) (per curiam). Any notice of appeal filed while a Rule 59(e) motion is pending is simply of no effect; it is a nullity. Fed. R.App. P. 4(a)(4); *Griggs,* 459 U.S. at 60–61. The docket sheets reflect that Hill filed his motions well beyond the ten-day period within which the motions could have been construed as filed under Rule 59(e). The district court thus properly concluded that it lacked subject matter jurisdiction to act further on Hill's motions. These appeals lack merit.

Accordingly, all six of the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.