**Benny L. LINDER, Plaintiff–Appellant,**

v.

**Don SUNDQUIST; Tim Hutchison; Chief Bivens; P. Garza; J. Stevepson; Officers Speth; Cum; McFay; B. Gresham; Bartleson; Sgt. Vick; Cpl Ray; Officer R. Sutton; Sgt. Hayes; R. Cook; Officers J. Taylor; T. Tinker, Defendants–Appellees.**

No. 02–5303.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.[*]

*ORDER*

Benny L. Linder, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Linder sued the Governor of Tennessee (Don Sundquist) and numerous prison officials claiming that the defendants: 1) denied him the right of access to the law library and adequate legal material; 2) denied him the right to visitation; 3) denied him access to a phone to call his attorney; 4) denied him the right to a clean cell everyday; 5) discriminated against him based on his race; 6) denied him rights under the grievance procedure; 7) retaliated against him for filing grievances; and 8) imposed excessive disciplinary punishment. Upon review, the district court dismissed Linder's complaint, pursuant to 42 U.S.C. § 1997e, because he did not establish that he had exhausted his administrative remedies.

Linder has filed a timely appeal, essentially reasserting his claims. He also ar-

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

gues that he the defendants have interfered with or removed documents from his pleading, through the mail system, because he maintains that he had submitted documents showing that he had exhausted his remedies.

Upon review, we conclude that the district court properly dismissed Linder's complaint for lack of exhaustion. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998). Under 42 U.S.C. § 1997(e)(a), the prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court. *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir. 1998). To establish that he has exhausted his administrative remedies prior to filing suit, the prisoner should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997).

Linder has not met his burden of demonstrating that he fully exhausted his administrative remedies as to this claim. Although Linder stated in his complaint that he had pursued his rights under the grievance system, he neither provided copies of any grievances or documentation of their disposition, nor has he described with specificity the administrative proceeding and its outcome. Rather, he merely stated that the grievances did not produce any results other than more harassment and retaliation. Although Linder accused the defendants of removing supporting documentation from his pleadings, there is absolutely no support for these allegations. Hence, the district court properly dismissed the complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.