**Benny L. LINDER, Plaintiff–Appellant,**

v.

**Don SUNDQUIST, Defendant–Appellee.**

No. 02–6161.

United States Court of Appeals,
Sixth Circuit.

May 6, 2003.

Before NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

This is an appeal from a district court judgment denying a motion for injunctive relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 29, 2002, Tennessee inmate Benny L. Linder moved in federal court for injunctive relief directed to the conditions of his confinement. On August 21, 2002, the district court summarily denied the motion on jurisdictional grounds. Linder then moved for an extension of time in which to file an appeal. On September 6, 2002, the district court denied the motion for additional time again because it lacked jurisdiction due to Linder's pending appeal. Nevertheless, Linder did file a time-

ly appeal and he has filed a brief in this court without benefit of counsel.

The district court concluded that it lacked subject matter jurisdiction over the motion for injunctive relief as well as the motion for extension of time. This court reviews de novo a district court's dismissal of an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir.2000).

Linder filed a civil rights action in 2002 against the Governor of Tennessee (Don Sundquist) and numerous prison officials claiming that the defendants had deprived (and were continuing to deprive) Linder of his First and Eighth Amendment rights. The district court eventually dismissed Linder's complaint, pursuant to 42 U.S.C. § 1997e, because he did not establish that he had exhausted his administrative remedies. Linder took a timely appeal from this decision. Linder then filed a motion for injunctive relief, raising essentially the same First and Eighth Amendment concerns, in the district court during the pendency of the direct appeal. The district court observed that it lacked jurisdiction to consider the motion and ordered the matter dismissed on August 21, 2002. Linder's appeal from this order, and the ensuing order of September 19, 2002, denying Linder's request for more time in which to file an appeal, is presently before the court. (A panel of this court affirmed the underlying district court decision to dismiss the underlying action on September 18, 2002. *Linder v. Sundquist,* No. 02–5303, 2002 WL 31096730, 46 Fed.Appx. 343 (6th Cir. Sept. 18, 2002) (order).)

The instant appeal lacks merit. In *Pittock v. Otis Elevator Co.,* 8 F.3d 325 (6th

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of     Michigan, sitting by designation.

Cir.1993), a panel of this court noted that, "[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Id.* at 327. The panel also noted that there are exceptions to the general rule because "the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Id.* None of these exceptions apply to Linder's motion for injunctive relief. The district court correctly determined that it lacked jurisdiction to consider Linder's request for relief.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.