Wiley **PIERCEY**, Plaintiff,

v.

**MIAMI VALLEY READY-MIXED PENSION PLAN, et al.,** Defendants.

Roy **LOVETT**, Plaintiff,

v.

**MIAMI VALLEY READY-MIXED PENSION PLAN, et al.,** Defendants.

Nos. C–3–85–932, C–3–85–902.

United States District Court, S.D. Ohio, W.D.

April 22, 1986.

Charles J. Simpson, Dayton, Ohio, for plaintiff Lovett.

Richard G. Snell, Dayton, Ohio, for defendant Moraine Materials Co.

Susan J. Dlott, Henry G. Alexander, Cincinnati, Ohio, for defendant Hilltop Basic Resources, Inc.

Edward J. Dowd, Dayton, Ohio, for defendant Banc One.

Lawrence Landgraff, Washington, D.C., Dale Goldberg, Asst. U.S. Atty., Dayton, Ohio, for defendant PBGC.

DECISION AND ENTRY CONDITIONALLY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT; PROCEDURES SET FORTH FOR OBTAINING DEFAULT JUDGMENT IN THIS COURT ON THE BASIS OF CERTIFIED MAIL SERVICE BY AN ATTORNEY UNDER THE OHIO RULES OF CIVIL PROCEDURE; DEFENDANT HILLTOP'S MOTIONS FOR LEAVE TO FILE ANSWER SUSTAINED; DEFENDANT HILLTOP TO FILE ANSWERS WITHIN 10 DAYS; COUNSEL FOR DEFENDANT BANK ONE TO FILE ANSWERS IN THESE CASES FORTHWITH; DEFENDANT BANK ONE'S MOTION TO FILE ANSWER OUT OF TIME IN PIERCEY SUSTAINED

RICE, District Judge.

Given that the same issue is presented by the pending motions in these two cases, the Court treats these cases together for purposes of the instant decision.

Under Fed R.Civ.P. 4(c)(2)(C)(i), service in accordance with Ohio law is permissible upon defendants belonging to a class described in Fed.R.Civ.P. 4(d)(1) or 4(d)(3). Ohio R.Civ.P. 4.1(1) and 4.3(B)(1) provide for service by certified mail, with return receipt requested. The Clerk of Court is entrusted, under the Ohio rules, with the task of sending the served documents by certified mail and with the task of ascertaining that the receipts for the certified mail were signed and returned.

In both of the instant cases, Plaintiffs' counsel sent a copy of the Complaint and Summons to each Defendant by certified mail, return receipt requested. The return receipts were executed by persons purporting to sign for certified mail for Defendants, and were mailed back to Plaintiffs' counsel. The return of service forms on the reverse side of the summonses sent to each Defendant were executed by Plaintiffs' counsel and, together with the return receipts, have been filed with the Court. Plaintiffs Piercey and Lovett have now filed Motions for Default Judgment against three Defendants, Defendants Miami Valley Ready-Mixed Pension Plan, Hilltop Basic Resources, Inc. (Hilltop), and Bank One. (*Piercey*, Doc. # 6; *Lovett*, Doc. # 4).[1]

Defendant Hilltop has opposed Plaintiffs' Motions for Default Judgment. Its contention is that there has been no valid service of the Summons and Complaint in either case, given the requirement of the Ohio rules that the clerk be involved in certified mail service. Defendant Hilltop has also filed Motions for Leave to File an Answer

---

**1.** Both domestic and foreign corporations are mentioned in Fed.R.Civ.P. 4(d)(3), and are thus among the types of defendants which may be served in accordance with state law pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i). Plaintiffs appear to have characterized the three Defendants herein as domestic corporations, given (1) their invocation of Fed.R.Civ.P. 4(c)(2)(C)(i); (2) their service upon Defendants at locations within Ohio; and (3) their reliance upon Ohio R.Civ.P. 4.1(1), which provides for service by certified mail within the state. (*Piercey*, Doc. # 11, *Lovett*, Doc. # 10). Defendant Hilltop appears to characterize one or more of the Defendants as for-

eign corporations, as it believes that Plaintiffs have attempted service under Ohio R.Civ.P. 4.3(B)(1), which provides for service by certified mail upon Defendants outside of Ohio (*Piercey*, Doc. # 7, *Lovett*, Doc. # 5). Given the position of Defendant Hilltop and the fact that the return receipts sent to the Defendants at their Ohio addresses were signed and returned, there does not appear to be a dispute in these cases that the three Defendants at issue herein are corporations, whether foreign or domestic, which may permissibly be served in accordance with Ohio law.

in both cases, seeking to avoid an entry of default in the event that this Court should not accept the reasoning of its memoranda contra Plaintiffs' motions. (*Piercey*, Doc. # 9; *Lovett*, Doc. # 8). Defendant Bank One, without proffering any argument or theory as to service of process upon it, has filed a Motion to File Answer Out of Time in *Piercey*. (Doc. # 13).

Examination of the purposes of service of process and of the standards for constitutionally adequate service persuades the Court that Defendant Hilltop's position, while correct on a literal level, should not preclude Plaintiffs' use of certified mail service in these cases. In *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court upheld notice by publication in some circumstances, holding that "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The Sixth Circuit has read *Mullane* as establishing a "balancing procedure in which costs and efficiency considerations are balanced against the probability that a procedure will effectuate notice." *Matter of Park Nursing Center, Inc.*, 766 F.2d 261, 263 (6th Cir.1985). *See also United States v. Bolton*, 781 F.2d 528 (6th Cir.1985). The availability of a procedure for setting aside an erroneously-granted default judgment is also a concern which has been articulated by the Sixth Circuit in its evaluation of the constitutional sufficiency of a particular method of service. *Park Nursing Center*, 766 F.2d at 263.

Certified mail service, with return receipt requested, is cost-effective and is reasonably certain to inform interested parties of the pendency of an action. The clerk performs no special function under the Ohio rules, but is a third party entrusted with the mechanics of the certified mail process and with the verification that the envelope containing the served documents reached the specified address. This Court finds that an attorney may undertake the clerk's function in certified mail service under the Ohio rules without undermining the probability that this method of service will effectuate notice. An attorney's involvement in the process of certified mail service would also not impair the cost-effectiveness or efficiency of such service. As for the verification function of the clerk, the Court is persuaded that certain conditions required of counsel, enumerated *infra*, are capable of preventing abuse either in the use of certified mail service or in the pursuit of an entry of default based upon that type of service.

■■■ For these reasons, certified mail service by an attorney which otherwise complies with the federal and Ohio rules is valid in this Court. Counsel must file the following items with the Court in order to secure an entry of default based upon such service, namely: (1) a copy of the cover letter to defendant, if any, which accompanied the Complaint and Summons; (2) an executed return of service, completed by the attorney; and (3) the signed green card, addressed to counsel, which accompanied the documents sent by certified mail, return receipt requested. Counsel must also prepare and file an affidavit to accompany these items. The affidavit must set forth (1) that the Complaint and Summons were sent, by counsel, to defendant by certified mail, return receipt requested; (2) the date that the documents were sent in this manner; and (3) that the green card was signed and mailed back to counsel.[2]

The clerk's office will have the responsibility for determining whether an application for entry of default based on certified

---

**2.** The Court initially considered whether to also require counsel to ascertain the relationship between the defendant and the party signing and returning the green return receipt, in order to reinforce the probability that notice was had by defendant prior to the entry of default. Such a requirement, however, would be unduly burdensome for the counsel seeking an entry of default. Moreover, any such claim of lack of notice by a defendant would more properly be an affirmative defense directed by the Defendant to the setting aside of a default judgment against it.

mail service meets these conditions. If all the requirements are met, an entry of default may be made by the clerk, pursuant to Fed.R.Civ.P. 55(a). Counsel may then pursue default judgment under Fed.R.Civ.P. 55(b). Obviously, the remedies of the Federal Rules of Civil Procedure will remain available for persons who contest the propriety of default judgment entered against them. *See Park,* 766 F.2d at 263. In the event that all the requirements set forth *supra* are not met, the clerk shall refuse to enter default, and shall explain in writing the reasons for said refusal. Counsel may then attempt to persuade this Court, if he or she chooses, that all the conditions for an entry of default and default judgment have been met.

This Court, on the basis of the aforesaid, conditionally sustains in part and overrules in part Plaintiffs' Motions for Default Judgment. Should Plaintiffs' counsel choose to comply with the requirements of this decision, he may then ask the clerk to enter default against Defendant Miami Valley Ready-Mixed Pension Plan. The Court is not certain as to the efficacy of this pursuit of an entry of default against Defendant Plan, however, in view of the Court's belief that, given the uncertainties as to the instant service of process issue, Defendant Hilltop's Motions for Leave to File an Answer Out of Time must be sustained. Defendant Hilltop is directed to file its Answers within ten (10) days of its receipt of this decision.

Defendant Bank One's Motion to File Answer Out of Time in *Piercey* is also sustained (Doc. # 13).

With respect to *Lovett,* the Court notes that, although Defendant Bank One did not file an answer in these cases, counsel for Defendant Bank One did appear at the hearing before Judge Merz on February 27, 1986. Counsel informed the Court, on the record, that Defendant Bank One is no more than a trustee for certain assets in-

volved herein (Tr. 34). In light of this appearance and this Defendant's position in these cases, the Court directs counsel for Defendant Bank One simply to file an answer in *Lovett* forthwith.[3]

---

**3.** In Plaintiffs' Motions for Default Judgment, Plaintiffs ask for a hearing to determine the rights of Plaintiffs as to Defendants Pension Benefit Guaranty Corporation (PBGC) and Moraine Materials Company. Moraine Materials has filed an Answer in both cases; the PBGC has not. Given the Court's disposition of Plaintiffs' motions, a hearing is premature, and Plaintiffs' request is thus overruled.