**LSJ INVESTMENT COMPANY, INC., Plaintiff–Appellee,**

v.

**O.L.D., INC.; Morrie Friedman; Andrew Fell, Defendants–Appellants,**

**Whitestone Games, Inc., et al., Defendants.**

Nos. 97–3877, 97–4122.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 28, 1998.

Decided Feb. 11, 1999.

 

Robert J. Vecchio (argued and briefed), Anthony J. Vegh (briefed), Cleveland, Ohio, for Appellants.

James H. Grove (argued and briefed), Nicola, Gudbranson & Cooper, Michael E. Cicero, L. James Juliano, Jr. (briefed), Nicola, Gudbranson & Cooper, Cleveland, Ohio, for Appellee.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

SILER, Circuit Judge.

The defendants appeal a default judgment, arguing that they were not properly served and that the judgment is void as a matter of law. They also appeal the district court's refusal to entertain their motion to set aside the default judgment under FED. R. CIV. P. 60(b) and the decision that defendants Morrie Friedman and Andrew Fell are individually liable. For the reasons discussed below, we reverse the judgment against Fell, but affirm the court on all other matters, including the default judgments against Friedman and O.L.D., Inc. ("O.L.D.").

## I. BACKGROUND

In 1996, plaintiff LSJ Investment Company filed a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, against several defendants, charging them with perpetrating a multi-state, video-game-store investment swindle from locations in Florida and California and committing mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. LSJ sent separate summonses and complaints by certified mail to O.L.D., Fell, and Friedman. LSJ sent Fell's mail c/o Diehard Marketing Group, 5137 Clareton Drive, Suite 210, Agoura Hills, California 91301. It sent the summons and complaint for Friedman and O.L.D. to 22615 Mobile Street, West Hills, California.

The certified mail to Fell was returned with the designation "Attempted Not Known." A woman named Carol Ponder initially signed for the certified mail to Friedman (who was sued both individually and as an officer and employee of O.L.D.). Ponder opened the envelope, but later returned it as

"opened in error" and "not at this address." The certified mail to O.L.D., which arrived at the same address as Friedman's mail, was returned as refused two days after Ponder signed for the Friedman mail.

LSJ says it re-sent the summons and complaint by regular U.S. mail, with a waiver of service form, to each defendant on August 14, 1996. It says it filed affirmations of service of the waiver requests, and that none of the regular mailings was returned.

LSJ moved for default judgment against several defendants for having failed to plead. At a hearing on May 12, 1997, the court expressed some concern about service of process, but was told by LSJ's counsel that "we have got certified mail receipts upon each of them." (This statement was inaccurate about the mail to Fell, which had been returned "Attempted Not Known.")

On July 11, 1997, the court entered a default judgment against Diehard Marketing Group, Inc.; O.L.D.; Friedman, individually and as an officer and employee of O.L.D.; and Fell, individually and as an officer and employee of Diehard Marketing Group, Inc.

On July 21, 1997, defendants O.L.D., Friedman, and Fell moved to stay the execution of judgment. On July 25, 1997, they appealed the entry of the default judgment. On August 14, 1997, they moved for relief from judgment pursuant to FED. R. CIV. P. 60(b).

On August 21, 1997, the district court denied the defendants' motions to stay execution of judgment and for relief from judgment, because the defendants' appeal had withdrawn the court's jurisdiction. The court also denied the defendants' subsequent motion for reconsideration. The defendants now argue that the district court: (1) abused its discretion in granting the default judgment because the defendants were not properly served; (2) erred when it asserted lack of jurisdiction in declining to rule on defendants' Rule 60(b) motion; and (3) erred in finding Friedman and Fell personally liable.

## II. SERVICE OF PROCESS

### A. Standard of Review

■ We exercise plenary review over legal issues involving the adequacy of service but review for clear error the relevant findings of fact. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 (3d Cir.1993). *See also Friedman v. Estate of Presser,* 929 F.2d 1151, 1154 (6th Cir.1991) (where facts of service not in dispute, determination that there was adequate service of process is a matter of law).

### B. Service on Friedman

■ The defendants do not deny that they had actual knowledge of the lawsuit. Two notices of the default judgment hearing were sent, and neither was returned by any party. The defendants' counsel also acknowledged the defendants' awareness of the proceedings. The record suggests that the defendants deliberately evaded service.

This court has indicated, however, that it will not allow actual knowledge of a lawsuit to substitute for proper service under FED. R. CIV. P. 4. *Friedman,* 929 F.2d at 1155–56.[1] The service on Friedman did not fully comply with any specific method described at FED. R. CIV. P. 4(e)(2). The notes to the 1993 amendments to FED. R. CIV. P. 4(d) make clear that under current rules a *waiver* of service may be sent by mail, but service itself cannot be effected by mail without the affirmative cooperation of the defendant. Obviously, these defendants did not cooperate.

FED. R. CIV. P. 4(e)(1) also provides, however, for service "pursuant to the law of the state in which the district court is located, or in which service is effected[.]" Appli-

---

1. *Friedman* held that a defendant's failure to acknowledge service by certified mail renders such service invalid. Former FED. R. CIV. P. 4(c)(2)(C)(ii), amended by the current 4(d), was construed as providing for service by mail, but required return of a copy of the notice and acknowledgment form. *Friedman,* 929 F.2d at 1155–56; 4A CHARLES ALAN WRIGHT & AR-

THUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1092.1 (1998). The service here would not have satisfied the requirements even of that former service-by-mail provision, as the defendants refused not just to return the forms, but even to acknowledge any connection with the service address.

cation of this provision to the facts below would allow service under the rules of either Ohio or California.

Rule 4.3(B)(1) of the Ohio Rules of Civil Procedure, providing for out-of-state service by certified mail, allows service to be "[e]videnced by return receipt signed by any person[.]" Ms. Ponder signed the return receipt for the certified mail to Friedman, who was served both individually and in his capacity as an officer of O.L.D. The defendants assert that Ms. Ponder was no more than a message center and mail drop for a variety of businesses including O.L.D. LSJ characterizes Ms. Ponder as Friedman's secretary, and cites a variety of evidence indicating that 22615 Mobile Street was in fact the address for O.L.D. and Friedman. The record indicates that Ms. Ponder, regardless of whether she was Friedman's secretary, worked at a location repeatedly given by Friedman as an address for O.L.D. and himself. The district court did not err in finding Friedman was served in accordance with OHIO CIV. R. 4.3(B)(1).

■ For service to be proper, it must not only comply with the relevant rule, but must comport with due process by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Whisman v. Robbins,* 712 F.Supp. 632, 638 (S.D.Ohio 1988) (*quoting Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Here, the district court reasonably concluded that the addresses in question were offices of the defendants, and that mail delivered to an address supplied by Friedman gave "notice reasonably calculated." Thus, the district court did not err in finding Friedman was properly served.

### C. Service on O.L.D.

■ OHIO CIV. R. 4.2(F) indicates that a corporation may be served "by certified or express mail at any of its usual places of business." Both O.L.D. and Friedman used 22615 Mobile Street as a business address. The analysis of service on Friedman applies with equal force to the service on O.L.D. The district court reasonably concluded that certified mail delivered to O.L.D. at 22615 Mobile Street complied both with Ohio rules and with due process.

### D. Service on Fell

■ The certified mail addressed to Fell at 5137 Clareton Drive was returned by the Post Office with the designation "Attempted Not Known." No one signed a return receipt; therefore the service did not satisfy OHIO CIV. R. 4.3(B)(1). OHIO CIV. R. 4.6(D) does provide for ordinary mail service where a certified mail envelope is returned with an endorsement showing that the mail was unclaimed. This rule requires, however, that "[t]he mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk." *Id.* Such service was upheld in *Ferrie v. Ferrie,* 2 Ohio App.3d 122, 440 N.E.2d 1229, 1231–32 (Ohio 1981). *See also United Home Federal v. Rhonehouse,* 76 Ohio App.3d 115, 601 N.E.2d 138, 143 (Ohio 1991) (holding that service by ordinary mail under OHIO CIV. R. 4.6(D) requires evidencing by a certificate of mailing, and that "[s]ervice is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned marked 'failure of delivery' ").

The difficulty here is that LSJ's counsel, rather than the clerk, effected regular mail service. LSJ argues that, "under Ohio law, such minor discrepancies are inconsequential[,]" and cites *Piercey v. Miami Valley Ready–Mixed Pension Plan,* 110 F.R.D. 294 (S.D.Ohio 1986), as holding that service by an attorney which otherwise complies with federal and Ohio rules is valid. *Piercey's* holding, however, was narrower. The court said that "*certified mail service* by an attorney which otherwise complies with the federal and Ohio rules is valid in this Court" (emphasis added). *Id.* at 296. It concluded that an attorney might perform the clerk's role in certified mail service "without undermining the probability that this method of service will effectuate notice," and noted the proofs that a counsel needs to file with the court to secure an entry of default based upon certified mail service. *Id.* Those proofs include:

(1) a copy of the cover letter to defendant, if any, which accompanied the Complaint and Summons; (2) an executed return of service, completed by the attorney; and (3) the signed green card, addressed to counsel, which accompanied the documents sent by certified mail, return receipt requested. Counsel must also prepare and file an affidavit to accompany these items. The affidavit must set forth (1) that the Complaint and Summons were sent, by counsel, to defendant by certified mail, return receipt requested; (2) the date that the documents were sent in this manner; and (3) that the green card was signed and mailed back to counsel.

*Id.* These proofs—particularly the signed return receipt—are not necessarily available where an attorney undertakes regular mail service himself. Thus, the ordinary mail service used by LSJ's attorney complies neither with the technical requirements of Ohio law nor with due process.

Moreover, Ohio courts agree with the Sixth Circuit that actual knowledge and lack of prejudice cannot take the place of legally sufficient service. *Bell v. Midwestern Educ. Servs., Inc.,* 89 Ohio App.3d 193, 624 N.E.2d 196, 203 (Ohio 1993) (*citing Price v. Price,* 1985 WL 7633, at *4 (Miami App. 1985), and *Haley v. Hanna,* 93 Ohio St. 49, 112 N.E. 149 (Ohio 1915)).

LSJ does not argue that Fell was properly served under California law. In any event, CAL. CIV. PROC. § 415.30, while providing for service by mail, requires return of a written acknowledgment of receipt. If the acknowledgment is not returned, another method of service must be used. Fell obviously did not return an acknowledgment. As Fell was not properly served—under federal, Ohio, or California rules—the default judgment entered against him is void as a matter of law.

### III. THE DISTRICT COURT'S REFUSAL TO CONSIDER DEFENDANTS' 60(b) MOTION

■ The district court denied the defendants' motions for a stay of execution and for relief from judgment, holding that their appeal had divested the court of jurisdiction.

The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir. 1993). The defendants cite two cases indicating a procedure whereby a lower court *may* entertain a motion for relief from judgment filed during the pendency of an appeal, *First National Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343 (6th Cir.1976), and *Flynt v. Brownfield,* 726 F.Supp. 1106 (S.D.Ohio 1989). Though these cases allow the court to entertain a motion for relief even while an appeal is pending, they do not require the court to do so. Once the defendants appealed, it was not erroneous for the district court to let the appeal take its course.

### IV. LIABILITY OF FRIEDMAN AND FELL AS INDIVIDUALS

■ The defendants argue that the court erred in finding Friedman and Fell liable as individuals. The court's determination that the conduct of Friedman and Fell meets the legal standards for individual liability is a matter of law, reviewable *de novo. In re Grand Jury Proceedings,* 78 F.3d 251, 253–54 (6th Cir.1996).

The defendants initially argued that individual liability is improper because the plaintiff did not introduce sufficient evidence for piercing the corporate veil under either Ohio or California law. As the plaintiff pointed out, however, a civil RICO judgment does not require piercing the corporate veil because violations of 18 U.S.C. § 1962(c) result in direct individual liability.

The defendants now cite *Reves v. Ernst & Young,* 507 U.S. 170, 183–84, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), as establishing an "operation and management" test under which a defendant can be guilty of a § 1962(c) violation only if he directed or played a role in directing the affairs of the enterprise. The plaintiff's complaint, however, alleged that Fell "was the controlling shareholder and owner of Diehard Marketing at the time of the plaintiff's dealings with defendants[,]" and that Friedman was the "controlling shareholder and owner of

O.L.D., Inc." These allegations if proven are sufficient to establish individual liability under *Reves,* as *Reves* indicates that the test is construed broadly—that an enterprise "might be 'operated' or 'managed' by others [persons other than upper management or lower-rung participants directed by upper management] 'associated with' the enterprise who exert control over it." *Reves,* 507 U.S. at 184, 113 S.Ct. 1163. Thus, the district court correctly found Friedman and Fell individually liable. The judgment against Fell, of course, is void for insufficient service of process.

The default judgments against Friedman and O.L.D. are affirmed. The default judgment against Fell is reversed, and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.