The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**UNITED STATES of America, Respondent–Plaintiff,**

v.

**Robert M. MOSS, Petitioner–Defendant.**

No. 97–CV–72435–DT.
Crim. No. 91–CR–80187–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 27, 1999.

Clifford J. Barnard, Boulder, CO, for plaintiff.

Stanley Janice, Assistant United States Attorney, Detroit, MI, for defendant.

## OPINION AND ORDER DENYING PETITIONER'S "MOTION TO GRANT RELIEF FROM JUDGMENT AND ORDER PURSUANT TO FED.R.CIV.P. 60(b)(6)"

DUGGAN, District Judge.

### Introduction

This matter is currently before the Court on petitioner's "motion to grant relief from judgment and order pursuant to FED. R.CIV.P. 60(b)(6)." On June 14, 1999, this Court issued a Judgment and Order in which it denied petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255.[1] Subsequently, petitioner filed a motion for extension of time in which to file a motion to alter or amend judgment pursuant to FED.R.CIV.P. 59(e). On June 30, 1999, this Court issued its Opinion and Order denying petitioner's motion.

1. This Judgment and Order was entered on the Court's docket on June 15, 1999.

2. The Court notes that this provision of Local Rule 7.1 is analogous to FED R.CIV.P. 59(e), which

### Analysis

Petitioner filed the present motion on August 13, 1999, seeking relief from this Court's June 14, 1999 Judgment and Order (which was entered on June 15, 1999). In support of the instant request, petitioner contends that he was denied effective assistance of counsel at the plea stage, that he was denied effective assistance of counsel regarding his potential sentence exposure, that his counsel suffered from a conflict of interest, and that the government engaged in misconduct. In his motion, which is labeled a motion brought "pursuant to F.R.C.P. Rule 60(b)(6)" petitioner asks this Court to "reconsider its June 14, 1999 Order denying Mr. Moss's request for an evidentiary hearing and his motion for consolidation, and to grant him an evidentiary hearing on his § 2255 motion ...." (Pet.'s Mot. at 1).

■ Although petitioner labels his motion as a motion pursuant to FED.R.CIV.P. 60(b)(6), it is clear that such motion seeks reconsideration of the Court's rulings in its Order of June 14, 1999. Since petitioner's motion is, in reality, a motion for "Rehearing or Reconsideration," such motion was required to be brought within ten days after entry of the judgment. Local Rule 7.1 states: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order."[2] E.D. MICH. L.R. 7.1(g)(1). This petition was not filed within ten days of the entry of the Judgment. Petitioner cannot avoid the requirements of Local Rule 7.1 by labeling this motion a motion brought pursuant to FED. R.CIV.P. 60(b)(6).

■ Even if this Court were to construe petitioner's motion as a motion brought pursuant to FED.R.CIV.P. 60(b)(6), petitioner is not entitled to relief. On the same day that petitioner filed the instant motion, petitioner also filed a notice of appeal in which he indicates that he is appealing the "June 14, 1999 final order of the District Court for the Eastern District of Michigan, Southern Divi-

provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

sion, denying his 28 U.S.C. § 2255 motion ...." (Pet.'s Not. of Appeal at 1). The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir.1999) (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.1993)). Petitioner's notice of appeal from the district court's entry of Judgment on June 15, 1999, denying relief pursuant to 28 U.S.C. § 2255, was timely filed within the sixty-day time frame provided in FED.R.APP.P. 4(a)(1)(B). Therefore, petitioner's filing of the notice of appeal on August 13, 1999, divested this Court of jurisdiction to entertain petitioner's Rule 60(b) motion for relief from judgment.

In *Banfield v. Turner*, 66 F.3d 325, 1995 WL 544085 (6th Cir.1995), the Sixth Circuit was confronted with an identical situation in which a plaintiff filed a Rule 60(b) motion on the same day she filed a notice of appeal from the district court's entry of judgment. The Sixth Circuit began by noting:

> Under FED.R.APP.P. 4(a)(4), a Rule 60(b) motion, if served within 10 days of the entry of judgment, would toll the time for appeal, the notice of appeal would be ineffective until the Rule 60(b) motion was resolved, and the district court would retain jurisdiction to rule on the Rule 60(b) motion.

*Banfield*, 66 F.3d at 325, 1995 WL 544085, at *4. The Sixth Circuit, however, indicated that because the plaintiff did not file her Rule 60(b) motion within the time frame provided by FED.R.APP.P. 4(a)(4),[3] "the notice of appeal was timely and was effective when filed, and the district court was divested of jurisdiction to rule on the Rule 60(b) motion." *Id.* Applying the reasoning espoused by the Sixth Circuit in *Banfield*, this Court con-

cludes that it is similarly divested of jurisdiction to rule on petitioner's Rule 60(b) motion. As previously stated, petitioner did not file his Rule 60(b) motion within the ten-day time frame provided by FED.R.APP.P. 4(a)(4); hence, petitioner's August 13, 1999 notice of appeal was timely filed. As petitioner timely filed a notice of appeal of this Court's June 15, 1999 entry of Judgment, this Court does not have jurisdiction to entertain his Rule 60(b) request.

Alternatively, even if the Court did have jurisdiction to entertain the motion, the Court is satisfied that petitioner is not entitled to relief. FED.R.CIV.P. 60 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    \*     \*     \*     \*     \*     \*
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED.R.CIV.P. 60(b)(6). A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served. *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985). Such relief, however, should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b)." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). " 'A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent extraordi-

---

**3.** FED.R.APP.P. 4(a)(4) provides:

  (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

     \*     \*     \*     \*     \*     \*

  (vi) for relief under Rule 60 if the motion is filed no later than 10 days (computed using

Federal Rule of Civil Procedure 6(a)) after the judgment is entered.

FED R.APP.P. 4(a)(4)(A)(vi).

nary circumstances.' " *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998) (quoting *Hopper,* 867 F.2d at 294). Moreover, a Rule 60(b)(6) motion that claims legal error as justification for the relief sought must be brought within the time permitted to appeal from the judgment in question. *Steinhoff v. Harris,* 698 F.2d 270, 276 (6th Cir.1983) (collecting cases).[4]

Petitioner does not identify the existence of any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). Instead, petitioner simply asserts that the Court's rulings on the issues previously presented were erroneous and petitioner again asks for the same relief sought in the original petition. Under the Sixth Circuit's conclusion in *Hopper, supra,* a claim of legal error is not "cognizable" under Rule 60(b)(6) absent an allegation of "extraordinary circumstances." *Hopper,* 867 F.2d at 294. Petitioner's motion does not contain any such allegation;[5] therefore, this Court shall therefore refrain from considering the instant motion.

### Conclusion

For the reasons stated herein,

**IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that petitioner's motion to grant relief from judgment and order pursuant to FED.R.CIV.P. 60(b)(6) is **DENIED.**

---

4. The Court notes that to the extent the instant motion is construed as a Rule 60(b)(6) motion, the motion is timely filed within petitioner's time frame for filing an appeal pursuant to Rule 11 of the Rules on Motions Attacking Sentence under Section 2255 and FED.R.APP.P. 4(a)(1)(B).

5. In *Cincinnati Ins. Co., supra,* the Sixth Circuit reversed a district court's denial of a Rule 60(b)(6) motion holding that a substantial change in the law governing legal malpractice actions handed down by the Ohio Supreme Court approximately one month before the district court's ruling on motions for summary judgment constituted an "extraordinary circumstance." 151 F.3d at 580. The Sixth Circuit stated: "[T]he instant matter presents extraordinary circumstances because of the significant change in Ohio law that occurred less than a month before the district court ruled upon the parties' cross-motions for summary judgment." *Id.* Petitioner has not alleged a significant change in the law; rather, petitioner merely presents arguments previously raised in his § 2255 petition.