**Lawrence E. HILL, Plaintiff–Appellant,**

v.

**RHODES INC.; Rhodes Furniture Store, Defendants–Appellees.**

No. 00–3036.

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; STEEH, District Judge.*

*ORDER*

Lawrence E. Hill appeals a district court judgment dismissing his employment discrimination complaint filed under 42 U.S.C. § 2000e, et seq., for failure to effect service of process pursuant to Fed. R.Civ.P. 4. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hill filed his complaint in the district court alleging that he was fired from his job with the defendant furniture store because of his age and race. Thereafter, plaintiff moved for an extension of time in which to serve the defendants, which the magistrate judge granted. The magistrate judge issued an order to show cause why the case should not be dismissed for failure to serve the defendants, and the defendant corporation (Rhodes) moved to dismiss the case for insufficient service of process. Plaintiff responded to the magistrate judge's show cause order, and Rhodes responded in opposition. The magistrate judge recommended that Rhodes's motion to dismiss be denied and that plaintiff be ordered to serve process within thirty days, and Rhodes filed objections. Judge Weber conducted an evidentiary hearing, but subsequently recused himself from the case. Judge Beckwith then granted the motion to dismiss and dismissed the case without prejudice for failure to effect timely service of process. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that: (1) defense counsel was not properly admitted to practice in the district court pro hac vice; (2) he was misinformed of the service period by a district court clerk; and (3) he properly served the complaint and summons. Rhodes responds that: (1) the district court did not abuse its discretion in concluding that plaintiff did not show good cause for failing to serve process; (2) defendant had only unofficial notice of plaintiff's complaint; (3) service was not effective; (4) the district court properly rejected plaintiff's contention that he was misinformed of the service period; and (5) defense counsel was properly granted pro hac vice admission.

Upon consideration, we will affirm the judgment. This court reviews a district court judgment dismissing a complaint for failure to effect timely service of process only for an abuse of discretion. *See Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996); *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.* Moreover, the court exercises plenary review over issues of law regarding adequacy of service of process. *See LSJ Inv. Co. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir.1999).

Here, the district court concluded that plaintiff did not show good cause for his failure to properly serve defendants with the summons and a copy of the complaint within the 120 day period provided under Fed.R.Civ.P. 4(m). Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal. *See Byrd,* 94 F.3d at 219. Under the circumstances of this case, the district court did not abuse its discretion in dismissing plaintiff's complaint.

Further, it is noted that defense counsel was properly admitted to practice pro hac vice. Essentially, counsel filed both a motion to dismiss plaintiff's complaint and a motion for admission to practice before the district court, representing that he intended to associate local counsel in the case as required under local rules. After counsel notified the district court that local counsel had been obtained, the district court granted counsel's motion for admission pro hac vice. Under these circumstances, plaintiff's contention that counsel was not properly admitted to practice before the district court is meritless.

Finally, it is noted that this appeal was placed in abeyance in September 2000, following notice that appellees' former parent company had filed for Chapter 11 bankruptcy protection. The case was removed from abeyance in January 2002, after the court was notified that the parent company is no longer affiliated with appellees. Although plaintiff responded to the most recent notice with his objection to the parent company's "exit" from the case, the parent was never a party to the case in the first instance.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.