# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 07-3775

―――――――

United States of America,     *
    *
        Appellee,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    Western District of Missouri.
Joseph L. Rainey, also known as Jobe,     *
    *    [PUBLISHED]
        Appellant.     *

―――――――

Submitted: December 22, 2009
Filed: May 21, 2010

―――――――

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

―――――――

PER CURIAM.

Joseph Rainey was convicted after a jury trial of conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. The district court[1] sentenced him to life imprisonment on the conspiracy count, in accordance with 21 U.S.C. § 841(b)(1)(A)(iii), based on the quantity of drugs involved in the conspiracy and Rainey's two or more prior convictions for felony drug offenses.

―――――――――――

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Rainey appealed. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. We denied the motion and directed counsel for the government to file a brief concerning Rainey's sentence. According to 21 U.S.C. § 851(a)(1), no person "shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." We directed the government to address whether, in Rainey's case, the United States Attorney served a copy of the required sentencing information "on the person or counsel for the person," in accordance with § 851, and, if not, whether Rainey is entitled to resentencing. Having now considered the matter with the benefit of adversarial briefing, we affirm.

In January 2007, the district court granted Rainey permission to represent himself, with attorney Shane Cantin acting as "standby counsel." Rainey's trial was scheduled to begin on Monday, June 4, 2007. On Friday, June 1, the government filed electronically with the clerk an information stating five prior convictions upon which the government would rely to seek enhanced punishment under 21 U.S.C. § 841(b)(1)(A)(iii), if Rainey were convicted. Counsel for the government certified that the information "was delivered on June 1, 2007, to the CM-ECF system . . . for electronic delivery to all counsel of record," and that it had been mailed through the United States Postal Service to Rainey at the Christian County Jail. The jury convicted Rainey on three counts, including the conspiracy, and the adequacy of the § 851 information arose at sentencing.

Rainey asserted that he never received the information in the mail, because the United States Marshals Service moved him from the Christian County Jail before the information arrived. Attorney Cantin informed the court that he received the notice electronically on June 1, but did not discuss it with Rainey before the trial commenced on June 4. He said Rainey did not ask about the § 851 information on June 4,

-2-

"although it had been an issue that ha[d] kind of floated around in this case prior to trial." Cantin said that Rainey received a copy of the information on the second day of trial. Rainey asserted that he did not receive the information until the last day of trial, which was June 7, and suggested that he could have asked for a plea to avoid the mandatory term of life imprisonment if he had received the information.

The district court acknowledged that Rainey had a right to be told of his prior convictions, and stated that "we discussed that before trial" in connection with an issue under Federal Rule of Evidence 404(b). The court ultimately ruled that "the government properly served notice" to Rainey, and that he was aware of his prior convictions. We consider the district court's conclusions of law *de novo*, and review the findings of fact for clear error. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

There is no question that the government served attorney Cantin with the § 851 information before trial through electronic means. But because Rainey was proceeding *pro se*, with attorney Cantin acting only on a standby basis, the question arises whether the United States Attorney's service of the information complied with § 851.

We conclude that the United States Attorney did adequately serve a copy of the § 851 information on Rainey's person before trial by mailing it to his last known address on June 1, 2007. Federal Rule of Criminal Procedure 49(b) provides that "[s]ervice must be made in the manner provided for a civil action." Federal Rule of Civil Procedure 5(b)(2)(C), in turn, states that a paper is served by "mailing it to the person's last known address – in which event service is complete upon mailing."[2] Thus, the service requirement of § 851 is satisfied as long as the information is mailed

---

[2]At the time of Rainey's trial, this rule appeared in a different subsection, Federal Rule of Civil Procedure 5(b)(2)(B).

before trial, even if the defendant or defense counsel, as the case may be, does not receive the information until after trial begins. *United States v. Severino*, 316 F.3d 939, 945 (9th Cir. 2003) (en banc); *United States v. Kennedy*, 133 F.3d 53, 59 (D.C. Cir. 1998); *United States v. White*, 980 F.2d 836, 840 n.8 (2d Cir. 1992).

The government certified that it mailed the information to Rainey at the Christian County Jail on June 1, 2007. Although Rainey did not receive the § 851 information through the mail, the United States Attorney demonstrated adequately that he sent the mail to Rainey's "last known address." Rainey's address on file with the district court as of June 1 was the Christian County Jail. The district court on May 31 denied a motion from Rainey asking to be moved from the Christian County Jail to another facility. (R. Doc. 236). The clerk of the district court on June 1 mailed a court document to Rainey at the Christian County Jail, (R. Doc. 244, 261), and Rainey filed motions on June 1 and June 4 that listed the Christian County Jail as his address. (R. Doc. 249, 254).

There is one additional wrinkle: Records furnished by the United States Attorney show that the United States Marshals Service moved Rainey from the Christian County Jail to the Greene County Jail on June 1, 2007, the same date on which the United States Attorney mailed the information. This fact, however, does not undermine the district court's conclusion that the United States Attorney properly served Rainey. The record does not show that the Marshals Service moved Rainey on June 1 before the United States Attorney mailed the information, and, in any event, the Marshal's knowledge of Rainey's location is not imputed to the United States Attorney. There is no evidence that the Marshals Service acted at the behest of the United States Attorney in moving Rainey, and the United States Marshal is not subordinate to the United States Attorney in the organization of the Department of Justice. We conclude that because there is no showing that the United States Attorney's Office knew of an address change for Rainey, the United States Attorney properly served Rainey by mailing notice to the Christian County Jail. *See generally*

*U.S., Small Bus. Admin. v. Bridges*, 894 F.2d 108, 112-13 (5th Cir. 1990) ("[N]otice or actual knowledge of one United States government agency will not be imputed to another agency."); *United States v. Zolla*, 724 F.2d 808, 810-11 (9th Cir. 1984); *Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983); *Ball v. Scott*, 37 F.3d 1509, 1994 WL 562023, at *2 (10th Cir. 1994) (unpublished). Accordingly, the United States Attorney's service of the information complied with § 851.

Having considered the arguments raised by Rainey in his various *pro se* filings, we conclude that there was no reversible error. The judgment of the district court is affirmed.

_____