# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3671

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Christopher James McGee, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 23, 2010
Filed: October 20, 2010

_____

Before BYE, BEAM and SMITH, Circuit Judges.

_____

PER CURIAM.

Christopher James McGee appeals his sentence. He argues that the district court[1] erred by applying a prior-drug-felony enhancement to his sentence when neither he nor his lawyer received notice of the enhancement before trial as is required by 21 U.S.C. § 851. We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

## I. BACKGROUND

On March 12, 2008, McGee was charged with one count of conspiracy to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Despite his attorney's recommendation that he seek a plea bargain in order to avoid a mandatory life sentence on the conspiracy count, McGee elected to go to trial.

McGee's trial began on June 1, 2009. That morning, at 7:47 a.m., the government electronically filed an "Enhancement Information and Notice of Prior Conviction(s)" (Enhancement Information) via the case management and electronic case filing (CM/ECF) system. When the Enhancement Information was filed, the CM/ECF system delivered an electronic copy to McGee's lawyer. The Enhancement Information stated that, if McGee was convicted, he would be subject to an enhanced penalty because he had two previous drug-felony convictions. Voir dire in McGee's case began that morning at 9:00 a.m., and the jury was sworn in at 10:28 a.m. On June 2, 2009, the jury convicted McGee on both counts.

McGee filed a motion for new trial, arguing, among other things, that a new trial was warranted because the government wrongfully filed the Enhancement Information at the start of trial rather than at arraignment. The district court denied his new trial motion and sentenced McGee to the mandatory minimum sentence of life in prison on the conspiracy count and to 262 months' imprisonment on the possession count.

## II. DISCUSSION

Under § 851(a)(1), no person shall have his sentence enhanced because of prior convictions unless "before trial . . . the United States attorney files an

information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." The district court held that the government complied with this notice requirement. McGee challenges that holding. On appeal, we review the district court's conclusions of law de novo and findings of fact for clear error. United States v. Rainey, 605 F.3d 581, 583 (8th Cir. 2010).

McGee mistakenly argues that there is no evidence showing that the Enhancement Information was filed before trial began and he requests a remand for an evidentiary hearing. This request is misplaced. The CM/ECF docket sheet contains a "Notice of Electronic Filing" that clearly indicates the Enhancement Information was filed at 7:47 a.m. CDT on June 1, 2009. Minutes from the same docket sheet indicate jury selection did not start until more than an hour later. Remand is not appropriate when the filing time line is clear based on the clerk's docket.

Having established the time of filing, the only remaining question is whether an information filed on the morning of trial is timely under § 851. Under our established precedent, it is. The plain language of § 851 requires only that notice be filed "before trial." We have decided that "before trial" means the information must be filed before jury selection begins. United States v. Johnson, 944 F.2d 396, 407 (8th Cir. 1991). This is a bright line rule; even an information filed just moments before jury selection begins is timely. See United States v. Robinson, 110 F.3d 1320, 1328 (8th Cir. 1997). Here, more than an hour passed between the time the Enhancement Information was filed and the time jury selection began.

McGee argues that, even if the Enhancement Information was timely filed with the court, the requirements of § 851 were not met because McGee did not receive either personal service or actual notice of the filing prior to trial. This argument is without merit. We recently explained that the service requirement of § 851 is met when an information is sent, not when it is received. Rainey, 605 F.3d at 583.

Section 851 requires only that notice be served on either defendant *or* his counsel. Here, McGee was represented by counsel who was served when the notice was filed electronically. Id. (holding that there was no question filing through CM/ECF constituted electronic service on counsel).

The Enhancement Information complied with the requirements of § 851, and the district court did not err in applying the prior-drug-felony enhancement.[2]

## III.  CONCLUSION

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____

---

[2]McGee also argues that the district court violated the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000) by finding, at sentencing, that McGee was responsible for possessing more than 1,100 grams of crack cocaine when the jury only found he was responsible for "at least" 50 grams. As Appellant's brief acknowledges, this argument is foreclosed by our precedent. Under the advisory Guidelines, judges are allowed to determine drug quantity at sentencing. See, e.g., United States v. Turner, 603 F.3d 468, 471 (8th Cir. 2010).