NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0524n.06

No. 12-5404

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 28, 2013*
DEBORAH S. HUNT, Clerk

KIMBERLY WALKER,

     Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE, Post
Master General, Patrick Donahoe,

     Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

BEFORE:  SILER, CLAY, and GIBBONS, Circuit Judges.

PER CURIAM.  Kimberly Walker appeals the district court's order denying her motion for relief from the order dismissing her civil complaint without prejudice.

In May 2011, Walker, an employee of the United States Postal Service, filed a complaint against the Postmaster General in his official capacity, alleging claims of workplace harassment, discrimination, and retaliation.  Walker sought monetary relief.  In January 2012, the district court ordered Walker to show cause for her failure to effect proper service of process in accordance with Federal Rule of Civil Procedure 4(i).  In response, Walker moved for a default judgment, asserting that she had properly served the defendant.  In February 2012, the district court dismissed the complaint without prejudice, concluding that, although Walker had served the defendant, she had failed to either serve the United States in accordance with Rule 4(i)(1) or demonstrate good cause

to excuse her failure to do so. Walker moved under Federal Rules of Civil Procedure 4, 15, 59(e), 60(b), and 61 for relief from the order dismissing her complaint and for an extension of time to effect proper service. The district court denied the motion.

On appeal, Walker argues that the district court abused its discretion by dismissing her complaint and denying her an extension of time to serve the United States because she had served the defendant and it would not be prejudiced by the extension. Walker's appeal from the denial of her Rule 59(e) motion is treated as an appeal from the underlying order dismissing her complaint. *See Bonner v. Metro. Life Ins. Co.*, 621 F.3d 530, 532 (6th Cir. 2010). We review the dismissal of Walker's complaint for an abuse of discretion. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Where, as here, a plaintiff is suing a United States officer or employee in his or her official capacity, the plaintiff must serve both the United States and the officer or employee. *See* Fed. R. Civ. P. 4(i)(2). To effect service on the United States, a plaintiff must serve both the United States Attorney for the district where the action is brought and the Attorney General. Fed. R. Civ. P. 4(i)(1). If a plaintiff has not completed service within 120 days of filing the complaint, the district court must dismiss the action or order that service be made within a specified time, unless the plaintiff demonstrates good cause for failing to effect service, in which case the district court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

The district court did not abuse its discretion by dismissing Walker's complaint without prejudice and denying her request for an extension of time to complete service. Walker failed to effect service on both the Attorney General and the United States Attorney as required by Rule 4(i),

despite the fact that her complaint was pending in the district court for over nine months and a summons was issued for the United States Attorney in October 2011. Further, Walker gave no valid reason to explain her failure to complete service, and she did not request an extension of time to effect service until after her complaint was dismissed. Under the circumstances, the district court could reasonably conclude that Walker had been given a sufficient opportunity to complete service, that she had not established good cause to excuse her failure to do so, and that an extension of time was not warranted. *See Hill v. Rhodes, Inc.*, 39 F. App'x 246, 247 (6th Cir. 2002).

Accordingly, we affirm the district court's order.